IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER HARRIS,** | CASE NO. 3:21 CV 122 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **NEIL TURNER, WARDEN**, | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### BACKGROUND

*Pro se* Plaintiff Walter Harris has filed a prisoner civil rights Complaint in this matter pursuant to 42 U.S.C. § 1983. (Doc. 1). The basis for his Complaint is that on April 28, 2017, he was extradited to Los Angeles from the North Central Correctional Complex in Ohio without a pretransfer hearing. Seeking compensation, he contends this violated his rights under the Interstate Agreement on Detainers. *See id*. at 3, ¶II(B); at 4, ¶IV(A); at 5, ¶VI. In his Complaint, Plaintiff acknowledges he previously filed a lawsuit in federal court challenging his 2017 extradition to Los Angeles, and that prior lawsuit was dismissed on the merits. *See* Doc. 1, at 9; *Harris v. Turner*, Case No. 3:18 CV 1627 (N.D. Ohio Nov. 29, 2018) (Carr, J.).

With his current Complaint, the Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2). That motion has been granted by separate Order.

For the reasons discussed below, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## STANDARD OF REVIEW

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and all prisoner actions seeking redress from governmental defendants, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). The complaint's allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. *Pro se* complaints are liberally construed in determining whether they state a claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

Upon review, the Court finds Plaintiff's Complaint must be dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.

First, Plaintiff's Complaint is subject to dismissal based on claim preclusion.

Under the doctrine of claim preclusion, once a court renders a valid and final judgment in an action, the parties are barred from later relitigating any claims that were actually litigated or that could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980);

*Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015). Claim preclusion applies where there is (1) a final judgment on the merits in a prior action; (2) a subsequent suit between "the same parties or their privies" as the first; (3) an issue in the second lawsuit that should have been raised in the first lawsuit; and (4) the claims in both lawsuits arise from the same transaction. *Wheeler*, 807 F.3d at 766.

All of the requirements for claim preclusion are satisfied here. Plaintiff previously brought a lawsuit against Defendant arising from the same transaction (his 2017 extradition to Los Angeles), and the case was dismissed on the merits. *See Harris v. Turner,* Case No. 3:18 CV 1627 (N.D. Ohio). Although Plaintiff indicates he made the "wrong legal arguments" in his prior lawsuit (*see* Doc. 1, at 9), the doctrine of claim preclusion precludes him from asserting a new claim here, as his asserted claim could and should have been raised in his prior lawsuit.

Accordingly, Plaintiff's complaint is subject to summary dismissal. *See, e.g., Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) (upholding *sua sponte* dismissals of claims under § 1915(e) when claims were barred by prior lawsuits); *see also Gordon v. Harry*, 2020 WL 1159158, at *1 (W.D. Mich.) (court may consider *res judicata* or claim preclusion in determining whether complaint fails to state a claim for purposes of § 1915(e)), *report and recommendation adopted*, 2020 WL 1157654; *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 114 (3d Cir. 2006) (finding claim preclusion a proper ground for dismissal under § 1915(e)(2)(B)).

Second, Plaintiff's Complaint is subject to dismissal because it is apparent on the face of the Complaint that the statute of limitations expired before Plaintiff filed this action.

Although the statute of limitations is an affirmative defense, a complaint can be dismissed on screening where its allegations on their face demonstrate the claim would be barred by the applicable statute of limitations. *See Alston v. Tenn. Dep't of Corr.*, 2002 WL 123688, at

3

*1 (6th Cir.) ("[b]ecause the statute of limitations defect was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate"); *Fraley v. Ohio Gallia Cty.*, 1998 WL 789385, at *1 (6th Cir.) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired).

The statute of limitations for civil rights claims under 42 U.S.C. § 1983 arising in Ohio is two years. *LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995). Plaintiff complains about his transfer in April 2017 (Doc. 1, at ¶IV(C)), and notes he pursued administrative remedies in the first half of 2018 (Doc. 1, ¶VII(E))[1], but he did not file this action until January 15, 2021. As such, this action must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's complaint is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
 UNITED STATES DISTRICT JUDGE

---

1. The limitations period is tolled while a prisoner exhausts available state administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004).